04-4271ghmTimberlakeM&Owpd.wpd

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| NORMAN EDWARD TIMBERLAKE, | § | |
| | § | |
| *Petitioner*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-04-4271 |
| | § | |
| NATHANIEL QUARTERMAN, | § | |
| | § | |
| *Respondent*. | § | |

**MEMORANDUM OPINION AND ORDER**

Norman Edward Timberlake, an inmate of the Texas Department of Criminal Justice – Correctional Institutions Division (TDCJ), proceeding *pro se* and *in forma pauperis*, seeks habeas corpus relief under 28 U.S.C. § 2254. Petitioner claims that his sentence has been fully discharged. Petitioner and respondent each filed a motion for summary judgment. (Docket Entries No. 17, 27.) Petitioner filed a separate reply to respondent's motion. (Docket Entry No. 30.)

After consideration of the pleadings, the motions, the response, the record, and the applicable law, the Court **DENIES** petitioner's motion for summary judgment, **GRANTS** respondent's motion for summary judgment, and **DISMISSES** this case.

**I.     PROCEDURAL BACKGROUND**

Petitioner pleaded guilty to robbery in 1983 and was sentenced to eighteen years confinement in TDCJ. He was released to mandatory supervision in 1988, but violated the

terms of his release and was returned to prison in 1992. He was released again to mandatory supervision on April 14, 1993, and again violated the terms of his release. He was returned to prison on April 13, 1995. He filed an application for state habeas relief on August 3, 1995, arguing that his sentence was discharged by virtue of accrued good time and street time. The application was denied on October 18, 1995. On September 25, 1998, petitioner was released to mandatory supervision for the third time, and for the third time violated the terms of his release and was returned to prison on October 8, 2004.

Petitioner filed a time-credit dispute with state prison officials on October 20, 2004, and was given an additional thirty-five days credit for his incarceration prior to his most recent return to prison. He filed the instant federal habeas petition on October 29, 2004, complaining of the following:

1. His sentence has been illegally extended because, regarding his releases to mandatory supervision,

    (a) he lost credit for street time in 1995;

    (b) he was required to forfeit accrued good time credits in 1988; and

    (c) he was required to forfeit accrued good time credits in 1998.

2. His sentence is being served illegally in installments.

3. His plea 1983 bargain agreement was violated when his sentence was not deemed discharged eighteen years after he was sentenced.

Respondent moves for summary judgment, arguing that petitioner's claims are barred by limitations, unexhausted, and/or without merit.

## II. DISCUSSION

### A. The One-Year Statute of Limitations

The pending petition is governed by provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Under AEDPA, habeas corpus petitions are subject to a one-year limitations period found in 28 U.S.C. § 2244(d), which provides as follows:

> (d)(1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

In this case, the underlying chronology is established by the record and is undisputed. Petitioner claims that he was deprived of his good time credits following his return to prison

in 1988 and of his street time credits following his return to prison in 1995. These arguments were presented to and rejected by the Texas Court of Criminal Appeals on October 18, 1995 in petitioner's state habeas application. *Ex parte Timberlake*, Application No. 29,339-01, at cover. For prisoners whose state convictions became final before the effective date of AEDPA, the limitations period commenced on April 24, 1996. *United States v. Flores*, 135 F.3d 1000, 1005 (5th Cir. 1998). Thus, absent statutory or equitable tolling, petitioner had until April 24, 1997, to file a federal petition for habeas relief under 28 U.S.C. § 2254. As petitioner did not file this petition until 2004, his petition is untimely as to his claims arising under the 1988 and 1995 time credit forfeitures. Petitioner's reply to respondent's motion for summary judgment (Docket Entry No. 30) does not controvert this limitations bar. Accordingly, these claims are barred by limitations and will be dismissed.

Regardless, habeas relief is not merited under petitioner's good time and street time credits complaints. Texas prisoners forfeit accrued good time and street time credits upon revocation of their mandatory supervision. *See* TEX. GOV'T CODE § 498.004; TEX. GOV'T CODE § 508.283(b). Petitioner has no protected liberty interest in the good time and street time credits he accumulated prior to violating the terms of his release, and no constitutional issue is raised as to these claims. *See Thompson v. Cockrell*, 263 F.3d 423, 426-28 (5th Cir. 2001).

**B.     Serving Sentence in Installments**

Petitioner's argument that his sentence is being served illegally in installments is without merit as a matter of law. *See Thompson*, 263 F.3d at 426-27.

### C.     Violation of 1983 Plea Bargain Agreement

Petitioner claims that, regardless of intervening events, his sentence was discharged eighteen calendar years following his sentencing because his 1983 plea bargain agreement was for an eighteen-year sentence. It is unclear whether this claim was encompassed by petitioner's application for state habeas relief, which argued that, as of 1995, his sentence was discharged by accrued flat time, street time, and good time credits. To the extent petitioner raised this claim in his unsuccessful 1995 petition, his claim here is barred by limitations for the reasons set forth under subpart A above.

To the extent petitioner did not raise this issue in a state habeas application, the issue has not been presented to the Texas Court of Criminal Appeals and is unexhausted. However, the claim is without merit. Texas statutory law allows the Board of Pardons and Paroles to disregard the time a prisoner spends on mandatory supervision if the prisoner violates the terms of that release. *See* TEX. GOV'T CODE § 508.283(b). Petitioner's certificate of mandatory supervision warned him that his street time would be subject to forfeiture if he violated the terms of his release. (Docket Entry No. 27, Exhibit B, pp. 1, 3, 5) ("Be it further known that any violation of such rules or conditions shall be sufficient cause for revocation of this mandatory supervision, and that all time served on mandatory supervision shall be forfeited.") Moreover, Texas prisoners forfeit good time credits upon revocation of mandatory supervision. *See* TEX. GOV'T CODE § 498.004. Petitioner has no protected liberty interest in the time he unsuccessfully spent on mandatory supervised release or to the good time credits he accumulated prior to the violations, and no constitutional issue

5

is presented. *See Thompson*, 263 F.3d at 426-28. Accordingly, petitioner's good time and street time credits were forfeited by his violations of his mandatory supervised releases, he had not discharged his eighteen-year sentence as of the filing of this petition, and no breach of the 1983 plea bargain agreement is shown. Petitioner's claim that his eighteen-year sentence has been "illegally extended" or discharged is without merit.

### III.  CONCLUSION

Petitioner's motion for summary judgment (Docket Entry No. 17) is **DENIED**. Respondent's motion for summary judgment (Docket Entry No. 27) is **GRANTED**, and this case is **DISMISSED WITH PREJUDICE**. A certificate of appealability is **DENIED**. Any and all other pending motions are **DENIED AS MOOT**.

The Clerk will provide a copy of this order to the parties.

Signed at Houston, Texas, on August 3, 2006.

_____
Gray H. Miller
United States District Judge